UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON MULFORD PERT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | 3:10-cv-0739-LRH-RAM<br><br>ORDER |

Before the court is defendant the United States of America's motion to dismiss plaintiff Brandon Mulford Pert's ("Pert") complaint for return of property (Doc. #1[1]). Doc. #5. Pert filed an opposition and counter-motion for summary judgment (Doc. #7) to which the United States replied (Doc. #8).

**I.  Facts and Procedural History**

This action involves Pert's request for the return of $174, 235 in U.S. Currency seized by an officer of the Nevada Highway Patrol ("NHP") during a traffic stop and turned over to the Drug Enforcement Agency ("DEA").

On May 20, 2010, Pert, a California resident, was driving through Lyon County, Nevada, when he was pulled over by NHP. Pert was not issued a citation as a result of the stop, but

---

[1] Refers to the court's docket number.

1  nonetheless consented to a search of the vehicle. During the search, an NHP officer found and
2  seized $174, 235 in U.S. Currency.
3       On June 24, 2010, NHP transferred the seized funds to the Reno, Nevada office of the DEA.
4  On July 14, 2010, the DEA mailed a Notice of Seizure to Pert and Pert's counsel. Doc. #6,
5  Exhibit 1. The notice lists the seized property as "$174, 235 U.S. Currency" and the owner as
6  "Brandon Mulford Pert." *Id*. The notice further states, in relevant part:

> The above-described property was seized by the [DEA] for forfeiture pursuant to Title 21, United States Code, Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act . . . Pursuant to [18 U.S.C. § 983 and 19 U.S.C. §§ 1602-1619], procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court.

Doc. #6, Exhibit 1. Pert and his counsel received this notice. *See* Doc. #6, Exhibit 2; Doc. #6, Exhibit 6.[2]

     On August 16, 2010, counsel for Pert sent a letter to the DEA requesting the return of the $174, 235 in seized funds. Doc. #6, Exhibit 8 ("[W]e see no reason for the Government to maintain custody and control of the $174, 235 any further. Therefore, we respectfully demand immediate remission thereof."). The letter was not accompanied by a sworn declaration from Pert.

     On September 20, 2010, the DEA mailed a form letter to Pert's counsel indicating that the petition was not properly executed because it was not accompanied by a sworn declaration. Doc. #6, Exhibit 9 ("The petition was not properly executed. *See* 21 C.F.R. § 1316.79(a) and 28 C.F.R. § 9.3(e)(2). The following language may be used to satisfy the above requirements: I declare (or certify, verify, or state) under penalty of perjury that the foregoing it true and correct.").

     The following day, September 21, 2010, the DEA issued a declaration of Forfeiture whereby the $174, 235 in seized funds were forfeited to the United States pursuant to

---

[2] In addition to sending the Notice of Seizure, the DEA also filed three legal notices in the *Wall Street Journal*, apprising potentially interested parties of the seizure and indicating that September 9, 2010, was the last date to file a claim or petition for the funds. *See* Doc. #6, Exhibit 7 (Legal notices dated July 26, 2010; August 2, 2010; and August 9, 2010).

19 U.S.C. § 1609. Doc. #6, Exhibit 11 ("The above-described property has been seized by agents of the [DEA] pursuant to 21 U.S.C. Section 881. Notice of this seizure has been sent to all known parties who may have a legal or possessory interest in the property. Also, in accordance with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement. On this date, I have examined the matter, and found that there was sufficient information to support forfeiture of this property. Therefore, it is hereby declared that such property is forfeited to the United States pursuant to 19 U.S.C. Section 1609.").

On October 12, 2010, after the funds had been forfeited, counsel for Pert sent another letter to the DEA with Pert's sworn declaration and a copy of the underlying complaint for return of property. *See* Doc. #6, Exhibit 12. The second letter again requested return of the property. *Id*. ("Again, respectfully, we can see no reason for the Government to maintain custody and control of the $174, 235.00 any further. Therefore, we respectfully demand immediate remission thereof.").

On October 21, 2010, upon receipt of the second letter, the DEA mailed another form letter to Pert's counsel indicating that "[y]our Petition for Remission or Reconsideration which you submitted in the above-referenced matter is still under consideration." Doc. #6, Exhibit 13.

Subsequently, on November 24, 2010, Pert filed the underlying complaint for return of property. Doc. #1. Pert principally argues that the DEA erred in failing to initiate judicial civil forfeiture proceedings upon receipt of Pert's initial claim for the seized funds[3] and that administrative forfeiture of the seized funds was therefore inappropriate. *Id*.

Thereafter, the United States filed the present motion to dismiss Pert's complaint for return of property for lack of subject matter jurisdiction. Doc. #5. In response, Pert filed his counter-motion for summary judgment. Doc. #7.

---

[3] Pert contends that his August 16, 2010 letter to the DEA asserted a claim and not a petition for remission or mitigation.

3

## II. Legal Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests whether the court has subject matter jurisdiction over the action. *Zaigang Liu v. Novak*, 509 F. Supp. 2d 1, 3 (D.D.C. 2007). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts the complaint's well-pled factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64 (D.C. Cir. 2003). To determine whether it has jurisdiction, the court may consider materials outside the pleadings. *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

## III. Discussion

### A. Statutory Background

The funds at issue in this case were seized for forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides that all funds traceable as proceeds to a violation of the federal narcotics laws are subject to forfeiture by the United States. 21 U.S.C. § 881(a), (d); *see also* Doc. #6, Exhibit 1, Notice of Seizure ("The above-described property was seized by the [DEA] for forfeiture pursuant to Title 21, United States Code, Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act[.]"). Such forfeitures are governed by the customs laws relating to forfeiture. *See* 21 U.S.C. § 881(d). Under the customs laws, the DEA may administratively forfeit goods valued at or less than $ 500,000. 19 U.S.C. § 1607. An administrative forfeiture has the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding. 19 U.S.C. § 1609(b). The DEA must send written notice to all parties

with an interest in the seized property and publish notice of the seizure and its intent to forfeit the goods administratively. 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a)(1).

Once the federal government properly commences an administrative forfeiture proceeding, the claimant has the opportunity to choose the forum of adjudication. As discussed below, a claimant may choose a judicial forum by filing a claim with the DEA or an administrative forum by filing a petition with the DEA.

### 1. Filing a Claim

A party seeking to challenge the forfeiture of its property in a judicial forum must file a claim with the DEA within the deadline set forth in the notice of seizure or, if the party did not receive a notice letter, then no later than thirty days after the final newspaper publication of the notice of seizure. *See* 18 U.S.C. § 983(a)(2)(B) ("A claim . . . may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure."). A claim "need not be made in any particular form" and need only identify, under oath, (1) the property being claimed, and (2) the claimant's interest in that property. 18 U.S.C. § 983(a)(2)(C). The timely filing of a claim stops all administrative forfeiture proceedings. *See* 21 C.F.R. § 1316.76(b). The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within ninety (90) days or return the seized property. *See* 18 U.S.C. § 983(a)(3). In the subsequent civil forfeiture proceedings, the government bears the burden of proving, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

### 2. Filing a Petition

If a claimant fails to timely file a claim, the property is administratively forfeited. 19 U.S.C. § 1609. A claimant may, however, request remission and/or mitigation of the administrative forfeiture by filing a petition within thirty days of receipt of the notice of seizure. 28 C.F.R. § 9.3.

5

A petition must include proof of an individual's interest in the property and state the facts and circumstances justifying remission or mitigation. *See* 28 C.F.R. § 9.3(c)(1) ("All petitions must include the following information in clear and concise terms: (i) The name, address, and social security or other taxpayer identification number of the person claiming an interest in the seized property who is seeking remission or mitigation; (ii) The name of the seizing agency, the asset identifier number, and the date and place of seizure; (iii) A complete description of the property, including make, model, and serial numbers, if any; and (iv) A description of the petitioner's interest in the property as owner, lienholder, or otherwise, supported by original or certified bills of sale, contracts, deeds, mortgages, or other documentary evidence."). Further, "[a]ny factual recitation or documentation of any type in a petition must be supported by a sworn affidavit." 28 C.F.R. § 9.3(c)(2).

Once a petition is received, a seizing agency investigates its merits and submits a written report to the ruling official. 28 C.F.R. § 9.3(f). The ruling official then reviews and considers the report and issues a ruling. 28 C.F.R. § 9.3(g). The DEA has broad discretion in deciding whether to grant a petition. *See* 28 C.F.R. § 9.7(a)(1) ("Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the Ruling Official."). If the ruling official denies the petition, the petitioner is notified of the reasons for the denial and of the right to submit a request for reconsideration. 28 C.F.R. § 9.3(i). A request for reconsideration is decided by a different ruling official than the one who ruled on the original petition. 28 C.F.R. § 9.3(j)(2).

**B. Present Motion**

The United States argues that because Pert failed to file a timely claim with the DEA, the agency appropriately forfeited the seized funds through the administrative forfeiture process set forth in the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983. Because the seized funds have already been forfeited, the United States argues that this court lacks jurisdiction to review the merits of Pert's underlying complaint for return of property. *See* Doc. #5.

Pert, however, argues that the underlying administrative forfeiture was improper and that the United State's motion must therefore be rejected. Specifically, Pert contends that because his August 16, 2010 letter to the DEA asserted a claim for the seized funds, rather than a petition for return of the funds, the DEA was required by statute to cease administrative forfeiture proceedings and commence civil judicial forfeiture proceedings within ninety (90) days or return the seized funds.

The threshold issue before the court is whether Pert asserted a claim for the seized funds in his August 16, 2010 letter to the DEA. For the reasons discussed below, the court finds that he did not. First, the court is persuaded by the fact that nowhere in Pert's August 16, 2010 letter does it mention that a "claim" is being filed. *See* Doc. #6, Exhibit 8. To the contrary, the letter "demand[s] that the entire amount be *remitted*" to Pert. *Id*. (emphasis added). Further, the letter does not request judicial review of the DEA's notice of seizure nor does it seek any type of transfer of the proceedings to a United States District Court. *See generally, Id*.

Second, in response to Pert's letter, the DEA notified Pert on September 20, 2010 that it was construing his letter as a petition for remission and/or mitigation. *See* Doc. #6, Exhibit 9 ("The [DEA] has received the *Petition for Remission or Mitigation* of forfeiture for the above referenced property."). Upon receipt of this letter, Pert did not notify the DEA that his letter had been misconstrued and that he actually desired to state a claim. Instead, Pert sent a follow-up letter to the DEA once again "demand[ing] immediate *remission*" of the seized property and attaching a complaint challenging the constitutionality of the underlying traffic stop and subsequent search and seizure of Pert's vehicle. Doc. #6, Exhibit 12 (emphasis added). Because Pert - who was represented by counsel - failed to notify the DEA that his letter had been misconstrued, the court shall not countenance his post hoc attempts to recast his administrative petition for remission as a claim. *See Malladi Drugs & Pharms., Ltd. v. Tandy*, 538 F. Supp. 2d 162 (D.D.C. 2008), *aff'd on other grounds*, 552 F.3d 885, 384 U.S. App. D.C. 232 (D.C. Cir. 2009) (rejecting the plaintiff's

contention that its petitions for remission or mitigation of forfeiture were also claims).

Third, even if the court was to construe Pert's August 16, 2010 letter as a claim requiring the DEA to bring a civil judicial forfeiture proceeding, Pert's claim was untimely. A claim must be filed by the date set forth in the notice of seizure. 18 U.S.C. § 983(a)(2)(B). Here, the final date established in the notice of seizure was September 20, 2010. Doc. #6, Exhibit 1. It is undisputed that Pert's first letter to the DEA, the August 16, 2010 letter, was filed prior to that date. However, that letter was procedurally defective because the letter was not accompanied by a sworn declaration or otherwise made under oath as required under the administrative claims process. *See* 18 U.S.C. § 983(a)(2)(C) ("A claim shall (I) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) *be made under oath, subject to the penalty of perjury*.") (emphasis added). Pert did not satisfy all the requirements for filing a claim until his October 12, 2010 letter to the DEA which attached the underlying complaint and its accompanying sworn declaration. *See* Doc. #6, Exhibit 12. Therefore, the court finds that even if it were to construe Pert's letters as a claim, Pert waived his opportunity to seek relief through a judicial forfeiture action by proceeding with administrative review by the DEA. *See Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 890 (D.C. Cir. 2009) ("Malladi elected to forego the legal remedy it seeks here when it chose the discretionary administrative remedy and allowed the time for filing a claim under the administrative scheme to pass. Having waived its opportunity for judicial forfeiture proceedings during the administrative process, Malladi may not now attempt to correct its choice of remedy in federal court.").

Accordingly, because Pert did not file a timely claim with the DEA contesting the forfeiture, the forfeiture occurred and became final in the administrative process. Under the scheme established by Congress under the CAFRA, the exclusive means for a petitioner seeking return of property that has been administratively forfeited is a motion to set aside the forfeiture. 18 U.S.C. § 983(e)(5) ("A motion filed under [983(e)] shall be the exclusive remedy for seeking to set aside a

declaration of forfeiture[.]"). As such, a district court is without jurisdiction to entertain a complaint for return of property. *See, e.g., McKinney v. DEA*, 580 F. Supp. 2d 1, 3-4 (D.D.C. 2008) (concluding that where the plaintiff received the DEA's notice of seizure and failed to timely file a claim, the Court is "without jurisdiction to review [the merits of the forfeiture]."); *Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005) (holding that once administrative forfeiture proceedings are complete, district courts lack jurisdiction to review the merits of the seizure and forfeiture, and may only review whether the agency followed the statutory procedural requirements for a valid administrative forfeiture proceeding). Therefore, the court finds that it is without jurisdiction over the present action. Accordingly, the court shall grant the United States' motion to dismiss.

IT IS THEREFORE ORDERED the defendant's motion to dismiss (Doc. #5) is GRANTED. Plaintiff's complaint (Doc. #1) is DISMISSED in its entirety for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment (Doc. #7) is DENIED.

DATED this 10th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE